

FILED

SEP 1 2016

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CARMEN L. McFERRIN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GREGORY B. McFERRIN and CARMEN L. McFERRIN, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>vs.<br><br>MUHAMMAD "WALEED" KHAN, AARAV TRUCKING, LLC, GREWAL TRANS, INC., SAC TRANS, INC., FARASAT KHAN, FARHAN KHAN, C.H. ROBINSON WORLDWIDE, INC., and its Affiliated Broker Subsidiaries, a Foreign Corporation,<br><br>Defendants. | No. CV 15-100-H-SEH<br><br>ORDER |

On August 9, 2016, Plaintiffs timely filed their Third Amended Complaint

and Demand for Jury Trial[1] asserting eleven counts, five of which are directed against Defendant Grewal Trans, Inc. ("Grewal").

On July 15, 2016, Grewal filed its Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings[2] with supporting brief. On August 5, 2016, Plaintiffs filed their Brief in Opposition to Defendant Grewal Trans, Inc.'s Motion for Judgment on the Pleadings.[3]

Disposition of a motion for judgment on the pleadings is governed by Fed. R. Civ. P. 12(c) and (d). Rule 12(c) provides "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."

Rule 12(d) is not implicated in the matter before the Court.

Well-settled principles guide the Court in address of a motion for judgment on the pleadings:

> "Rule 12(c) is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss." *Durkin v. Shields*, 1997 WL 808651, *8 (S.D.Cal.1997) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73,104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Judgment on the pleadings is proper when, " 'taking all the allegations in the

---

[1] Doc. 46.

[2] Doc. 35.

[3] Doc. 39.

> pleadings as true, the moving party is entitled to judgment as a matter of law.' " *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir.2005) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001)).
>
> As with Rule 12(b)(6) motions, the Court must assume the truthfulness of the material facts alleged in the complaint. Moreover, all inferences reasonably drawn from these facts must be construed in favor of the Plaintiffs. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989), *cert. denied*, 493 U.S. 1079, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990). A defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. *Id.*[4]

This case is in the early stages of discovery and pretrial motion practice.

Time for amendment to pleadings will not expire until September 16, 2016.

Discovery closes March 31, 2017. Pretrial motions are not due until June 2, 2017.

The several theories of recovery pleaded by Plaintiffs are yet to be the subject of discovery or dispositive motion. Address or resolution of any potential double recovery issues, likewise, is not ripe for resolution.

It is not appropriate for the Court to attempt merit resolution of any of Plaintiffs' claims at this stage of the proceedings.

---

[4] *Johnson v. Dodson Pub. Schs., Dist. No. 2-A(C)*, 463 F. Supp. 2d 1151, 1155 (D. Mont. 2006) (citations omitted).

ORDERED:

1. Grewal's Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings[5] is DENIED.

DATED this 1st day of September, 2016.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Court

---

[5] Doc. 35.